September 28, 1916. The opinion of the Court was delivered by
Defendant appeals from an order striking out his answer as sham and frivolous. Formal and immaterial allegations omitted, plaintiff alleged that, on February 10, 1914, defendant executed his promissory note to Marlboro Loan 
Exchange, whereby he promised, for value received, to pay said payee or order, $2,000, on October 15, 1914, with interest after maturity at 8 per cent. per annum, and 10 per cent. attorney's fees, in case of collection by attorney; that thereafter the payee and J.J. Matheson indorsed said note and transferred it to plaintiff for value; that payment thereof was demanded of defendant at maturity, but no part thereof has been paid, except $200, paid on October 1, 1915.
The allegations of the answer upon which defendant relies, as being sufficient to raise issues, are these:
That "defendant denies each and every allegation of the complaint, except as the same may be hereinafter admitted or qualified. * * * Further answering the complaint, the defendant admits that on or about the date mentioned in the complaint he gave his note for the sum mentioned to the Marlboro Loan Exchange of Bennettsville, S.C. but he alleges that said note was not transferred to any one on the date of its maturity, October 15, 1914, and that if the same is now in the hands of the plaintiff herein, that it was transferred subsequent to the maturity of said note, and only here recently; that, therefore, the plaintiff took the same subject to the equities existing between this defendant and the original payee of the said note. The defendant denies that he is indebted, as alleged in the complaint, upon the said note."
If there is any merit whatever in defendant's appeal, it must be worked out upon a technical consideration of the *Page 450 
pleadings, which no lawyer can read without being impressed with the belief that defendant has no meritorious defense. Indeed, it appears from the case that the Court offered to allow defendant's attorney to amend his answer, if he would certify that, in his opinion, defendant had a meritorious defense; but the offer was declined on the ground that the only conversation that counsel had had with his client was crystallized in the answer filed, and that counsel should not be required to give a personal guaranty of merit in an absent client's defense. It will be observed that the Court did not require that counsel should guarantee the merit of his absent client's defense, but merely that he should certify that, in his opinion, his client had a meritorious defense. There was nothing improper in the requirement. In fact, such certificate is required by rule 19 of the Circuit Court. In view of the offer made and refused, we are satisfied that defendant has no meritorious defense, and that his appeal is likewise without merit.
Judgment affirmed.